**WO**                                                                                          BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Wayne Murray, | No. CV 01-1874-PHX-SMM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

Plaintiff Robert Wayne Murray is pursuing a *pro se* 42 U.S.C. § 1983 action against the Director of the Arizona Department of Corrections Dora Schriro, the former Director Terry Stewart, and Blaine Marshall in which he alleged a violation of his due process rights in relation to his security classification (Count III) and religious discrimination (Count VIII) (Doc. #78). Defendants moved to dismiss Plaintiff's due process claim for failure to exhaust administrative remedies (Doc. #132). The Court will grant the motion.

**I. Motion to Dismiss**

Defendants argue that Plaintiff failed to exhaust his due process claim because Plaintiff (1) never appealed a reclassification determination and (2) never challenged the classification policies (Doc. #132). Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42

U.S.C. § 1983, unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir.), cert denied 127 S.Ct. 232 (2006).  Exhaustion is mandated "regardless of the relief offered through administrative procedures."  Booth v. Churner, 532 U.S. 731, 741 (2001).  It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002).  To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court."  Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20.  The Court has broad discretion as to the method to be used in resolving the factual dispute.  Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988).  The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice."  Wyatt, 315 F.3d at 1120.

**II.  Analysis**

An inmate undergoes a reclassification determination every 180 days (Doc. #132, exs. 1-3).   An inmate's reclassification is based on a recommendation submitted by the Institutional Classification staff to the Warden or Deputy Warden, who in turn submits a recommendation to the Central Classification Staff for approval, modification, or denial (id.). An inmate may appeal the Central Classification's determination by submitting an inmate letter to his Correctional Official IV (CO IV) addressed to the "Administrator, Bureau of Offender Services" (id.).  The CO IV evaluates the letter to determine its appealabilty and then either returns the letter to the inmate for correction or forwards it to Central Classification Offender Services Bureau (id.).  The Administrator of Central Classification reviews the letter and makes a determination (id.).

1    An inmates may grieve institutional procedures and Department Written Instructions

2    by submitting a complaint to his assigned Correctional Official III (CO III), who should

3    investigate and attempt to resolve the complaint.  The inmate may challenge the CO III's

4    conclusion and resolution by submitting a formal Inmate Grievance to the Institution/Unit

5    Grievance Coordinator.  The Grievance Coordinator's decision may be appealed to the

6    Warden or Deputy Warden.  If the Warden or Deputy Warden cannot resolve the grievance,

7    the inmate may appeal that decision to the Director.  The Director's response is final (Doc.

8    #96, ex A, attach. A).

9         Defendants present affidavit and documentary evidence demonstrating that Plaintiff

10   underwent reclassification determinations in November 2000, January and October 2001, and

11   January 2002 (Doc. #132, exs. A, 4-9).  Plaintiff failed to appeal any of these classifications

12   (id.).  Plaintiff concedes that he did not appeal his reclassification determinations because

13   death row inmates cannot be classified lower than that determined at the reclassification

14   hearing (Doc. #142).  Thus, Plaintiff argued that because he could not get any relief,

15   exhaustion was futile (id.).  Plaintiff also conceded that he never filed a grievance

16   complaining about the policy, again arguing that his grievance would not have resulted in the

17   requested relief (id.).  However, exhaustion is mandated "regardless of the relief offered

18   through administrative procedures." Booth, 532 U.S. at 741.  Plaintiff thus admittedly failed

19   to exhaust his administrative remedies as to his claim that his due process rights were

20   violated by his reclassification.  Accordingly, Defendants' Motion to Dismiss Count III will

21   be granted.  Plaintiff, however, will be permitted to proceed as to his claim against

22   Defendants for allegedly discriminating against him based on his choice of religion by not

23   allowing him to wear a turban (Count VIII) (Doc. #78).

24        Accordingly,

25        **IT IS HEREBY ORDERED:**

26        (1) **GRANTING** Defendants' Motion to Dismiss (Doc. #132) as to  Plaintiff's claim

27   that his due process rights were violated based on his classification.  The claim is therefore

28   dismissed without prejudice.

- 3 -

1  (2) Plaintiff may proceed with his claim of religious discrimination.

2  DATED this 13th day of July, 2007.

3

4

5

6  Stephen M. McNamee
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -